UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BILLY L. FAILE, JR.,

       Plaintiff,

Case No. 5:22-CV-116-JA-PRL

v.

CITY OF LEESBURG, a Florida
municipal corporation; LINNA
HART, individually; and ALLEN
CARTER, individually,

       Defendants.

_____/

## DEFENDANT LINNA HART'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant Linna Hart ("Hart"), answers plaintiff Billy L. Faile, Jr.'s ("Faile") Amended Complaint and Demand for Jury Trial, doc. 30, as follows, and offers the following affirmative defenses:

### PARTIES[1]

1.     Without knowledge.

2.     Without knowledge.

3.     Without knowledge.

4.     Admitted.

5.     Admitted Hart was a law enforcement officer employed by the City.

---

[1] The section headings used herein are the section headings found in the Amended Complaint. To the extent plaintiff is attempting to assert allegations or claims through the section headings, Hart denies such allegations or claims.

6.      Without knowledge.

7.      Without knowledge.

8.      Admitted.

<u>JURISDICTION AND VENUE</u>

9.      Without knowledge.

10.     Without knowledge.

11.     Without knowledge.

12.     Without knowledge.

13.     Without knowledge.

<u>FACTUAL ALLEGATIONS</u>

14.     Without knowledge.

15.     Without knowledge.

16.     Without knowledge.

17.     Admitted that Hart responded.

18.     Without knowledge.

19.     Without knowledge.

20.     Admitted that plaintiff attached a document identified as exhibit B to the

Amended Complaint, which speaks for itself.

21.     Without knowledge.

22.     Without knowledge.

23.     Without knowledge.

24.     Without knowledge.

25.     Without knowledge.

26.     Without knowledge.

27.     Without knowledge.

28.     Admitted that Hart responded.

29.     Admitted.

30.     Denied as phrased.

31.     Admitted.

32.     Denied as phrased.

33.     Admitted.

34.     Denied.

35.     Denied.

36.     Without knowledge.

37.     Without knowledge.

38.     Without knowledge.

39.     Without knowledge.

40.     Denied.

41.     Denied.

42.     Admitted.

43.     Admitted.

44.     Denied.

45.     Without knowledge.

46.     Without knowledge.

47.     Without knowledge.

48.     Without knowledge.

49.     Admitted.

50.     Denied.

51.     Without knowledge.

52.     Without knowledge.

53.     Without knowledge.

54.     Without knowledge.

55.     Without knowledge.

56.     Without knowledge.

57.     Without knowledge.

58.     Denied.

59.     Admitted that plaintiff attached a document identified as exhibit B to the Amended Complaint, which speaks for itself.  Otherwise, denied.

60.     Without knowledge.

61.     Admitted that plaintiff attached a document identified as exhibit B to the Amended Complaint, which speaks for itself.

62.     Without knowledge.

63.     Without knowledge.

64.   Without knowledge.

65.   Without knowledge.

66.   Without knowledge.

67.   Without knowledge.

68.   Without knowledge.

69.   Without knowledge.

70.   Without knowledge.

71.   Without knowledge.

72.   Without knowledge.

73.   Without knowledge.

74.   Without knowledge.

75.   Without knowledge.

76.   Without knowledge.

77.   Admitted that plaintiff attached a document identified as exhibit E to the Amended Complaint, which speaks for itself.

78.   Admitted.

79.   Without knowledge.

80.   Without knowledge.

81.   Denied.

82.   Admitted that plaintiff attached a document identified as exhibit F to the Amended Complaint, which speaks for itself.

83.     Without knowledge.

84.     Denied.

<u>COUNT I – 42 USC §1983 – VIOLATION OF 4TH AMENDMENT</u>
<u>UNLAWFUL ARREST</u>
<u>(Defendant ALLEN CARTER)</u>

85.     Hart does not respond to this allegation, as this count is directed against another party.

86.     Hart does not respond to this allegation, as this count is directed against another party.

87.     Hart does not respond to this allegation, as this count is directed against another party.

88.     Hart does not respond to this allegation, as this count is directed against another party.

89.     Hart does not respond to this allegation, as this count is directed against another party.

90.     Hart does not respond to this allegation, as this count is directed against another party.

91.     Hart does not respond to this allegation, as this count is directed against another party.

92.     Hart does not respond to this allegation, as this count is directed against another party.

To the extent this count's "wherefore" paragraph might be construed as pertaining to Hart, she denies that plaintiff is entitled to any relief as thereunder sought.

COUNT II – 42 USC §1983 – VIOLATION OF 4TH AMENDMENT
UNLAWFUL ARREST
(Defendant LINNA HART)

93.  See responses provided above.

94.  Denied.

95.  Denied.

96.  Denied.

97.  Denied.

98.  Denied.

99.  Denied.

100.  Denied.

Hart denies that plaintiff is entitled to any relief as sought via the "wherefore" paragraph under this count.

COUNT III – 42 USC §1983 – VIOLATION OF 4th AMENDMENT
EXCESSIVE USE OF FORCE
(Defendant ALLEN CARTER)

101.  Hart does not respond to this allegation, as this count has been dismissed.

102.  Hart does not respond to this allegation, as this count has been dismissed.

103.  Hart does not respond to this allegation, as this count has been dismissed.

104.  Hart does not respond to this allegation, as this count has been dismissed.

105.  Hart does not respond to this allegation, as this count has been dismissed.

106.   Hart does not respond to this allegation, as this count has been dismissed.

107.   Hart does not respond to this allegation, as this count has been dismissed.

108.   Hart does not respond to this allegation, as this count has been dismissed.

109.   Hart does not respond to this allegation, as this count has been dismissed.

110.   Hart does not respond to this allegation, as this count has been dismissed.

111.   Hart does not respond to this allegation, as this count has been dismissed.

112.   Hart does not respond to this allegation, as this count has been dismissed.

Hart denies that plaintiff is entitled to any relief as sought via the "wherefore" paragraph under this count, as it has been dismissed.

<u>COUNT IV – 42 USC §1983 – VIOLATION OF 4TH AMENDMENT MALICIOUS PROSECUTION</u>
<u>(Defendants ALLEN CARTER and LINNA HART)</u>

113.   See response provided above.

114.   Hart does not respond to this allegation, as this count has been dismissed.

115.   Hart does not respond to this allegation, as this count has been dismissed.

116.   Hart does not respond to this allegation, as this count has been dismissed.

117.   Hart does not respond to this allegation, as this count has been dismissed.

118.   Hart does not respond to this allegation, as this count has been dismissed.

119.   Hart does not respond to this allegation, as this count has been dismissed.

120.   Hart does not respond to this allegation, as this count has been dismissed.

121.   Hart does not respond to this allegation, as this count has been dismissed.

122.   Hart does not respond to this allegation, as this count has been dismissed.

Hart denies that plaintiff is entitled to any relief as sought via the "wherefore" paragraph under this count, as it has been dismissed.

<u>COUNT V – 42 USC §1983 – VIOLATION OF 4TH AMENDMENT UNLAWFUL SEIZURE – PERSONAL PROPERTY</u>
<u>(Defendant ALLEN CARTER)</u>

123.   Hart does not respond to this allegation, as this count is directed against another party.

124.   Hart does not respond to this allegation, as this count is directed against another party.

125.   Hart does not respond to this allegation, as this count is directed against another party.

126.   Hart does not respond to this allegation, as this count is directed against another party.

127.   Hart does not respond to this allegation, as this count is directed against another party.

128.   Hart does not respond to this allegation, as this count is directed against another party.

129.   Hart does not respond to this allegation, as this count is directed against another party.

130.   Hart does not respond to this allegation, as this count is directed against another party.

131.   Hart does not respond to this allegation, as this count is directed against another party.

To the extent this count's "wherefore" paragraph might be construed as pertaining to Hart, she denies that plaintiff is entitled to any relief as thereunder sought.

<u>COUNT VI – 42 USC §1983 – VIOLATION OF 4TH AMENDMENT<br>UNLAWFUL SEIZURE – REAL PROPERTY<br>(Defendants LINNA HART and ALLEN CARTER)</u>

132.   Hart does not respond to this allegation, as this count has been dismissed.

133.   Hart does not respond to this allegation, as this count has been dismissed.

134.   Hart does not respond to this allegation, as this count has been dismissed.

135.   Hart does not respond to this allegation, as this count has been dismissed.

136.   Hart does not respond to this allegation, as this count has been dismissed.

137.   Hart does not respond to this allegation, as this count has been dismissed.

138.   Hart does not respond to this allegation, as this count has been dismissed.

139.   Hart does not respond to this allegation, as this count has been dismissed.

140.   Hart does not respond to this allegation, as this count has been dismissed.

Hart denies that plaintiff is entitled to any relief as sought via the "wherefore" paragraph under this count, as it has been dismissed.

<u>COUNT VII – 42 USC §1983 – VIOLATION OF 4TH AMENDMENT<br>SUPERVISORY DEFENDANT<br>(Defendant ALLEN CARTER)</u>

141.   Hart does not respond to this allegation, as this count has been dismissed.

142.   Hart does not respond to this allegation, as this count has been dismissed.

143.   Hart does not respond to this allegation, as this count has been dismissed.

144.   Hart does not respond to this allegation, as this count has been dismissed.

145.   Hart does not respond to this allegation, as this count has been dismissed.

146.   Hart does not respond to this allegation, as this count has been dismissed.

147.   Hart does not respond to this allegation, as this count has been dismissed.

148.   Hart does not respond to this allegation, as this count has been dismissed.

149.   Hart does not respond to this allegation, as this count has been dismissed.

150.   Hart does not respond to this allegation, as this count has been dismissed.

151.   Hart does not respond to this allegation, as this count has been dismissed.

152.   Hart does not respond to this allegation, as this count has been dismissed.

153.   Hart does not respond to this allegation, as this count has been dismissed.

154.   Hart does not respond to this allegation, as this count has been dismissed.

155.   Hart does not respond to this allegation, as this count has been dismissed.

Hart denies that plaintiff is entitled to any relief as sought via the "wherefore" paragraph under this count, as it has been dismissed.

<u>COUNT VIII – 42 USC §1983 – MONELL CLAIM</u>
<u>FAILURE TO TRAIN</u>
<u>(Defendant CITY OF LEESBURG)</u>

156.   Hart does not respond to this allegation, as this count has been dismissed.

157.   Hart does not respond to this allegation, as this count has been dismissed.

158.   Hart does not respond to this allegation, as this count has been dismissed.

159.   Hart does not respond to this allegation, as this count has been dismissed.

160.   Hart does not respond to this allegation, as this count has been dismissed.

161.   Hart does not respond to this allegation, as this count has been dismissed.

162.   Hart does not respond to this allegation, as this count has been dismissed.

163.   Hart does not respond to this allegation, as this count has been dismissed.

164.   Hart does not respond to this allegation, as this count has been dismissed.

165.   Hart does not respond to this allegation, as this count has been dismissed.

166.   Hart does not respond to this allegation, as this count has been dismissed.

Hart denies that plaintiff is entitled to any relief as sought via the "wherefore" paragraph under this count, as it has been dismissed.

COUNT IX – 42 USC §1983 – MONELL CLAIM
OFFICIAL POLICY, PRACTICE OR CUSTOM
(Defendant CITY OF LEESBURG)

167.   Hart does not respond to this allegation, as this count has been dismissed.

168.   Hart does not respond to this allegation, as this count has been dismissed.

169.   Hart does not respond to this allegation, as this count has been dismissed.

170.   Hart does not respond to this allegation, as this count has been dismissed.

171.   Hart does not respond to this allegation, as this count has been dismissed.

172.   Hart does not respond to this allegation, as this count has been dismissed.

Hart denies that plaintiff is entitled to any relief as sought via the "wherefore" paragraph under this count, as it has been dismissed.

COUNT X – 42 USC 1983 – MONELL CLAIM
NEGLIGENT HIRING AND RETENTION
(Defendant CITY OF LEESBURG)

12

173.   Hart does not respond to this allegation, as this count has been dismissed.

174.   Hart does not respond to this allegation, as this count has been dismissed.

175.   Hart does not respond to this allegation, as this count has been dismissed.

176.   Hart does not respond to this allegation, as this count has been dismissed.

177.   Hart does not respond to this allegation, as this count has been dismissed.

178.   Hart does not respond to this allegation, as this count has been dismissed.

179.   Hart does not respond to this allegation, as this count has been dismissed.

180.   Hart does not respond to this allegation, as this count has been dismissed.

181.   Hart does not respond to this allegation, as this count has been dismissed.

Hart denies that plaintiff is entitled to any relief as sought via the "wherefore" paragraph under this count, as it has been dismissed.

COUNT XI – STATE LAW CLAIM<br>FALSE ARREST<br>(Defendant ALLEN [CARTER])

182.   Hart does not respond to this allegation, as this count is directed against another party.

183.   Hart does not respond to this allegation, as this count is directed against another party.

184.   Hart does not respond to this allegation, as this count is directed against another party.

185.   Hart does not respond to this allegation, as this count is directed against another party.

186.    Hart does not respond to this allegation, as this count is directed against another party.

187.    Hart does not respond to this allegation, as this count is directed against another party.

188.    Hart does not respond to this allegation, as this count is directed against another party.

189.    Hart does not respond to this allegation, as this count is directed against another party.

To the extent this count's "wherefore" paragraph might be construed as pertaining to Hart, she denies that plaintiff is entitled to any relief as thereunder sought.

<u>COUNT XII – STATE LAW CLAIM</u>
<u>FALSE ARREST</u>
<u>(Defendant LINNA HART)</u>

190.    See response provided above.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

Hart denies that plaintiff is entitled to any relief as sought via the "wherefore" paragraph under this count.

COUNT XIII – STATE LAW CLAIM
BATTERY
(Defendants LINNA HART and ALLEN CARTER)

198.   Hart does not respond to this allegation, as this count has been dismissed.

199.   Hart does not respond to this allegation, as this count has been dismissed.

200.   Hart does not respond to this allegation, as this count has been dismissed.

201.   Hart does not respond to this allegation, as this count has been dismissed.

202.   Hart does not respond to this allegation, as this count has been dismissed.

203.   Hart does not respond to this allegation, as this count has been dismissed.

Hart denies that plaintiff is entitled to any relief as sought via the "wherefore" paragraph under this count, as it has been dismissed.

COUNT XIV – STATE LAW CLAIM
MALICIOUS PROSECUTION
(Defendants ALLEN CARTER and LINNA HART)

204.   Hart does not respond to this allegation, as this count has been dismissed.

205.   Hart does not respond to this allegation, as this count has been dismissed.

206.   Hart does not respond to this allegation, as this count has been dismissed.

207.   Hart does not respond to this allegation, as this count has been dismissed.

208.   Hart does not respond to this allegation, as this count has been dismissed.

209.   Hart does not respond to this allegation, as this count has been dismissed.

210.   Hart does not respond to this allegation, as this count has been dismissed.

211.   Hart does not respond to this allegation, as this count has been dismissed.

212.   Hart does not respond to this allegation, as this count has been dismissed.

Hart denies that plaintiff is entitled to any relief as sought via the "wherefore"

paragraph under this count, as it has been dismissed.

## COUNT XV – STATE LAW CLAIM
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendants ALLEN CARTER and LINNA HART)

213.   Hart does not respond to this allegation, as this count has been dismissed.

214.   Hart does not respond to this allegation, as this count has been dismissed.

215.   Hart does not respond to this allegation, as this count has been dismissed.

216.   Hart does not respond to this allegation, as this count has been dismissed.

217.   Hart does not respond to this allegation, as this count has been dismissed.

218.   Hart does not respond to this allegation, as this count has been dismissed.

219.   Hart does not respond to this allegation, as this count has been dismissed.

220.   Hart does not respond to this allegation, as this count has been dismissed.

221.   Hart does not respond to this allegation, as this count has been dismissed.

Hart denies that plaintiff is entitled to any relief as sought via the "wherefore"

paragraph under this count, as it has been dismissed.

## COUNT XVI – STATE LAW CLAIM
## NEGLIGENCE
### (Defendant CITY OF LEESBURG)

222.   Hart does not respond to this allegation, as this count has been dismissed.

223.   Hart does not respond to this allegation, as this count has been dismissed.

224.   Hart does not respond to this allegation, as this count has been dismissed.

225.   Hart does not respond to this allegation, as this count has been dismissed.

226.   Hart does not respond to this allegation, as this count has been dismissed.

227.   Hart does not respond to this allegation, as this count has been dismissed.

228.   Hart does not respond to this allegation, as this count has been dismissed.

229.   Hart does not respond to this allegation, as this count has been dismissed.

Hart denies that plaintiff is entitled to any relief as sought via the "wherefore" paragraph under this count, as it has been dismissed.

COUNT XVII –STATE LAW CLAIM
OFFICIAL POLICY, PRACTICE OR CUSTOM
(Defendant CITY OF LEESBURG)

230.   Hart does not respond to this allegation, as this count has been dismissed.

231.   Hart does not respond to this allegation, as this count has been dismissed.

232.   Hart does not respond to this allegation, as this count has been dismissed.

233.   Hart does not respond to this allegation, as this count has been dismissed.

234.   Hart does not respond to this allegation, as this count has been dismissed.

235.   Hart does not respond to this allegation, as this count has been dismissed.

Hart denies that plaintiff is entitled to any relief as sought via the "wherefore" paragraph under this count, as it has been dismissed.

## <u>DEFENDANT HART'S AFFIRMATIVE DEFENSES</u>

Hart respectfully asserts the following defenses, some of which may be affirmative defenses.  To the extent any of the following defenses express a denial of an element of a claim alleged against defendant, such expression is in no way intended as a concession that plaintiff is relieved of the burden to prove each and every element of such claim.  Defendant does not assume the burden on any defense asserted that is adjudged not to be an affirmative defense.  Defendant reserves the right to amend or supplement its answer to assert such additional affirmative defenses and/or applicable conditions and limitations as may become apparent during the continuing course of this action.  Furthermore, defendant reserves the right to withdraw any affirmative defense.

1.     Hart reaffirms and reasserts, as affirmative defenses, any and all arguments asserted in her prior motions to dismiss and as asserted in the prior appeal (case number 23-11465-A).

2.     The facts and circumstances alleged by plaintiff fail to state a cause of action or a claim upon which relief can be granted.

3.     Hart is entitled to qualified immunity since her actions were taken in the scope of her discretionary authority and functions, and her conduct did not violate clearly established statutory or constitutional rights about which a reasonable law enforcement officer would have known.

4.      Hart was and is entitled to qualified immunity from plaintiff's Fourth Amendment false arrest claim, and his state law false arrest claim should have been, or should be, dismissed, as Hart did not personally participate in plaintiff's arrest.

5.      Hart was and is entitled to qualified immunity from plaintiff's Fourth Amendment false arrest claim, as he does not allege, and will be unable to elicit evidence to support, a violation of any clearly established constitutional right.

6.      Hart was and is entitled to qualified immunity from plaintiff's Fourth Amendment false arrest claim, and his state law false arrest claim should have been, or should be, dismissed, as there was at least arguable probable cause for his arrest for violating section 800.03, Fla. Stat.

7.      It was not clearly established that section 800.03, Fla. Stat., was not violated by an individual intentionally exposing his buttocks.

8.      Based upon plaintiff's conduct, there was probable cause to arrest plaintiff.

9.      The evidence and facts available to Hart before plaintiff's arrest provided probable cause to arrest plaintiff.

10.     Any contact between Hart and plaintiff occurred as a result of plaintiff's actions, and was incidental to a lawful arrest, and/or was reasonably necessary for the protection or defense of any involved law enforcement officers, the preservation of the peace, the preservation of the law and order, and/or the protection of others.

11.     The detention and/or restraint of plaintiff, including the amount of time plaintiff was detained, was reasonable, lawful, warranted, justified under the circumstances, and with probable cause.

12.     Plaintiff was guilty of negligence which solely caused or proximately contributed to cause the alleged damages complained of and which serves to bar or comparatively reduce any damages which may be awarded.

13.     Plaintiff's damages, if any, were caused in whole or in part by his actions and wrongdoing.

14.     Plaintiff has failed to mitigate his damages.

15.     Hart is entitled to a setoff for all collateral source payments paid or to be paid to plaintiff.


Respectfully submitted this 24th day of July, 2024.


By:    /s/ Dale A. Scott
       Dale A. Scott, Esq.
       Fla. Bar No. 0568821
       dscott@roperpa.com
       ehemphill@roperpa.com
       Roper, Townsend & Sutphen, P.A.
       255 S. Orange Ave., Ste. 750
       Orlando, FL 32801
       Tel:  407-897-5150
       Fax:  407-897-3332
       Counsel for Linna Hart

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this document has been furnished via the E-Filing Portal

on this 24th day of July, 2024, to:

Laura Kaye Hargrove
lhargrove@ghlaw.com
Gause & Hargrove, PLLC
229 E. Main St.
Tavares, FL 32778
Counsel for Billy L. Faile, Jr.

Stephanie Brionez
stephb@bblawfl.com
Brionez + Brionez, P.A.
P.O. Box 985
Tavares, FL 32778
Counsel for City of Leesburg and Allen Carter

By:   <u>/s/ Dale A. Scott</u>
Dale A. Scott, Esq.