UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BILLY L. FAILE, JR.,

    Plaintiff,

v.                                                                    CASE NO. 5:22-CV-116-JA-PRL

CITY OF LEESBURG, CITY OF
LEESBURG POLICE DEPARTMENT,
LINNA HART, City of Leesburg Police
Officer, in her individual and official capacity,
and ALLEN CARTER, City of Leesburg
Police Officer, in his individual and
Official capacity.

    Defendants.
_____/

**<u>DEFENDANT, ALLEN CARTER'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT, AND
DEMAND FOR JURY TRIAL</u>**

Defendant, ALLEN CARTER ("Carter"), responds to Plaintiff's Amended Complaint as follows:

**<u>PARTIES</u>**

1. Carter is without knowledge therefore, denies the allegations contained in paragraph 1.

2. Carter denies the allegations as framed contained in paragraph 1.

3. Carter denies the allegations as framed contained in paragraph 3.

1

4. Carter is without knowledge therefore denies the allegations contained in paragraph 4.

5. Carter is without knowledge therefore denies the allegations contained in paragraph 5.

6. Carter admits the allegations contained in paragraph 6.

7. Carter admits the allegations contained in paragraph 7.

8. Carter admits he was a supervisor at the City's Police Department at the time of the alleged incident.

9. Carter denies the allegations as framed contained in paragraph 9.

10. Carter admits for jurisdictional purposes only, the allegations contained in paragraph 10.

11. Carter admits for jurisdictional purposes only, the allegations contained in paragraph 11.

12. Carter is without knowledge therefore denies the allegations contained in paragraph 12.

13. Carter is without knowledge therefore denies the allegations contained in paragraph 13.

14. Carter is without knowledge therefore denies the allegations contained in paragraph 14.

15. Carter denies the allegations contained in paragraph 15.

16. Carter is without knowledge therefore denies the allegations contained in paragraph 16.

17. Carter is without knowledge therefore denies the allegations contained in paragraph 17.

18. Carter admits Faile contacted LPD on said date and time, Carter is without knowledge therefore denies the remaining allegations contained in paragraph 18.

19. Carter admits that he was present on the call.

20. Carter admits that Hart completed a report; said report speaks for itself.

21. Carter is without knowledge therefore denies the allegations contained in paragraph 21.

22. Carter is without knowledge therefore denies the allegations contained in paragraph 22.

23. Carter is without knowledge therefore denies the allegations contained in paragraph 23.

24. Carter is without knowledge therefore denies the allegations contained in paragraph 24.

25. Carter admits Faile walked away and exposed his bare buttocks, and denies as framed the remaining allegations contained in paragraph 25.

26. Carter admits the tenant and/or her boyfriend video recorded Faile exposing his buttocks, and denies as framed the remaining allegations contained in paragraph 26.

27. Carter admits that on that date, both Tenant and Faile contacted LPD.

28. Carter admits that both he and Hart were present.

29. Carter admits the allegations contained in paragraph 29.

30. Carter is without knowledge therefore denies the allegations contained in paragraph 30.

31. Carter admits that the Tenant and her boyfriend stated they had a video.

32. Carter admits he ordered Plaintiff to stop leaving the scene; and denies the remaining allegations contained in paragraph 32.

33. Carter admits that Faile was placed under arrest.

34. Carter denies the allegations contained in paragraph 34.

35. Carter denies the allegations contained in paragraph 35.

36. Carter denies the allegations contained in paragraph 36.

37. Carter denies the allegations contained in paragraph 37.

38. Carter denies the allegations contained in paragraph 38.

39. Carter denies the allegations contained in paragraph 39.

40. Carter admits he used handcuff extenders for Faile, but denies the remaining allegations contained in paragraph 40.

41. Carter denies the allegations contained in paragraph 41.

42. Carter denies the allegations contained in paragraph 42.

43. Carter denies the allegations contained in paragraph 43.

44. Carter denies the allegations contained in paragraph 44.

45. Carter denies the allegations as framed contained in paragraph 45.

46. Carter denies the allegations contained in paragraph 46.

47. Carter denies the allegations contained in paragraph 47.

48. Carter denies as framed the allegations contained in paragraph 48.

49. Carter admits the allegations contained in paragraph 49.

50. Carter denies the allegations contained in paragraph 50.

51. Carter denies as framed the allegations contained in paragraph 51.

52. Carter denies as framed the allegations contained in paragraph 52.

53. Carter is without knowledge therefore denies the allegations contained in paragraph 53.

54. Carter is without knowledge therefore denies the allegations contained in paragraph 54.

55. Carter denies the allegations contained in paragraph 55.

56. Carter denies the allegations contained in paragraph 56.

57. Carter denies the allegations contained in paragraph 57.

58. Carter denies the allegations contained in paragraph 58.

59. Carter denies the allegations contained in paragraph 59, but states Exhibit "B" speaks for itself.

60. Carter admits the allegations contained in paragraph 60.

61. Carter admits the allegations contained in paragraph 61.

62. Carter is without knowledge therefore denies the allegations contained in paragraph 62.

63. Carter is without knowledge therefore denies the allegations contained in paragraph 63.

64. Carter denies the allegations as framed contained in paragraph 64.

65. Carter is without knowledge therefore denies the allegations contained in paragraph 65.

66. Carter denies as framed the allegations contained in paragraph 66, but states the case number is in existence.

67. Carter admits that a No Information is attached to the Amended Complaint and speaks for itself; Carter denies the remaining allegations contained in paragraph 67.

68. Carter is without knowledge therefore denies the allegations contained in paragraph 68.

69. Carter is without knowledge therefore denies the allegations contained in paragraph 69.

70. Carter is without knowledge therefore denies the allegations contained in paragraph 70.

71. Carter admits Exhibit "D" is attached to the Amended Complaint and speaks for itself; and is without knowledge therefore denies the remaining allegations contained in paragraph 71.

72. Carter denies as framed the allegations contained in paragraph 72, but admits Exhibit E" is attached to the Amended Complaint.

73. Carter denies as framed the allegations contained in paragraph 73, but admits Exhibit "E" is attached.

74. Carter denies the allegations contained in paragraph 74.

75. Carter denies the allegations contained in paragraph 75.

76. Carter is without knowledge therefore denies as framed the allegations contained in paragraph 76.

77. Carter is without knowledge therefore denies as framed the allegations contained in paragraph 77.

78. Carter admits he was a supervisor of Officer Hart during her employment with the City.

79. Carter admits he participated in preparing a PIP for Officer Hart.

80. Carter denies the allegations as framed contained in paragraph 80, and admits Exhibit "E" is attached to the Amended Complaint.

81. Carter is without knowledge therefore denies the allegations contained in paragraph 81.

82. Carter is without knowledge therefore denies the allegations contained in paragraph 82, but admits Exhibit "F" is attached to the Amended Complaint.

83. Carter is without knowledge therefore denies the allegations contained in paragraph 83.

84. Carter denies the allegations contained in paragraph 84.

### COUNT I – 42 USC §1983 – VIOLATION OF 4TH AMENDMENT UNLAWFUL ARREST
### (Defendant, ALLEN CARTER)

85. Carter restates his answers to allegations contained in paragraphs 1-84.

86. Carter denies the allegations contained in paragraph 86.

87. Carter denies the allegations contained in paragraph 87.

88. Carter denies the allegations contained in paragraph 88.

89. Carter denies the allegations contained in paragraph 89.

90. Carter denies the allegations contained in paragraph 90.

91. Carter denies the allegations contained in paragraph 91.

92. Carter denies the allegations contained in paragraph 92.

### COUNT II – 42 USC §1983 – VIOLATION OF 4TH AMENDMENT UNLAWFUL SEIZURE – PERSONAL PROPERTY
### (Defendant, LINNA HART)

**93.** Count II and the allegations contained in paragraphs 93-100 are directed to Defendant, LINNA HART only.  To the extent any allegations in this Count are intended to be directed toward The City and Carter, they are denied.

### COUNT V – 42 USC §1983 – VIOLATION OF 4TH AMENDMENT UNLAWFUL SEIZURE – PERSONAL PROPERTY
### (Defendant, ALLEN CARTER)

123. Carter restates his answers to allegations contained in paragraphs 1-84.

124. Carter denies the allegations contained in paragraph 124.

125. Carter denies the allegations contained in paragraph 125.

126. Carter denies the allegations contained in paragraph 126.

127. Carter denies the allegations contained in paragraph 127.

128. Carter denies the allegations contained in paragraph 128.

129. Carter denies the allegations contained in paragraph 129.

130. Carter denies the allegations contained in paragraph 130.

131. Carter denies the allegations contained in paragraph 131.

### COUNT XI – STATE LAW CLAIM FALSE ARREST
### (Defendant, ALLEN CARTER)

182. Carter restates his answers to the allegations contained in paragraphs 1 through 84.

183. Carter denies the allegations contained in paragraph 183.

184. Carter denies the allegations contained in paragraph 184.

185. Carter denies the allegations contained in paragraph 185.

186. Carter denies the allegations contained in paragraph 186.

187. Carter denies the allegations contained in paragraph 187.

188. Carter denies the allegations contained in paragraph 188.

189. Carter denies the allegations contained in paragraph 189.

## COUNT XII – STATE LAW CLAIM
## FALSE ARREST
## (Defendant, LINNA HART)

190. Count XII and the allegations contained in paragraphs 190-197 are directed to Defendant, LINNA HART only.  To the extent any allegations in this Count are intended to be directed toward The City and Carter, they are denied.

## DISMISSED COUNTS

Counts 3, 4, 8, 9, and 13-16 were dismissed with prejudice by this Court's Order; Counts 6, 7, 10 and 17 were dismissed without prejudice but have not been repled.  To the extent these counts are deemed to remain, Sgt. Carter and the City deny all allegations and liability.

## DEMAND FOR JURY TRIAL

Sgt. Carter hereby demands a trial by jury for all issues so triable.

## AFFIRMATIVE DEFENSES

Carter respectfully asserts the following defenses to the claims alleged by Plaintiff.  Defendant does not assume the burden to prove any defense asserted that

is adjudged not to be an affirmative defense, and maintains that Plaintiff retains the burden to prove each and every element of the claims alleged. The factual basis supporting these affirmative defenses is in part encapsulated by the police reports and supplemental reports that are attached to Plaintiff's Amended Complaint, and otherwise supported by the facts known to date.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted against Carter.

## SECOND AFFIRMATIVE DEFENSE

Carter as a municipal employee is entitled to immunity and/or qualified immunity from suit and/or liability regarding the incident alleged in the Plaintiff's Amended Complaint pursuant to Section 768.28, Florida Statutes, and is otherwise improperly named as a party Defendant in this lawsuit. Carter acted in good faith and is entitled to immunity from liability for the Plaintiff's 42 USC §1983 claims as well.

## THIRD AFFIRMATIVE DEFENSE

At the time of the Plaintiff's arrest, Carter had probable cause and/or valid legal authority to arrest the Plaintiff on the date alleged in the Amended Complaint. Carter possessed probable cause and/or arguable probable cause for Plaintiff's arrest, which is a complete bar to the claims alleged by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Sgt. Carter, even if no probable cause for the specific offense charged under Fla. Stat. S. 800.03, had probable cause and/or arguable probable cause for a number of other offenses to charge Faile with, including trespassing, harassment, disturbance, breach of the peace and/or stalking, which bars Plaintiff's claim *Cottam v. City of Wildwood*, 750 Fed. Appx. 791 (11th Cir. 2018). Sgt. Carter warned Plaintiff not to return to the Tenant's property prior to Plaintiff's arrest.

## FIFTH AFFIRMATIVE DEFENSE

Carter is entitled to a reduction in the amount of any award to Plaintiff by the total of all amounts which have been paid for the benefit of Plaintiff, or which are otherwise available to Plaintiff, from all "collateral sources" as that term is defined in applicable Florida Statutes including, but not limited to, Fla. Stat. §768.28.

## SIXTH AFFIRMATIVE DEFENSE

The negligent, intentional and/or criminal acts and omissions of Plaintiff, Billy Faile, are the sole and/or contributing proximate cause of the alleged incident, and any contact Carter made with Plaintiff's person or property was lawful incident to Plaintiff's actions and arrest; likewise, the alleged resulting damages and the intentional, and/or criminal actions or negligence of the Plaintiff should either bar his recovery or his claim should be diminished in accordance with the degree of the Plaintiff's own fault.

**SEVENTH AFFIRMATIVE DEFENSE**

Carter is entitled to the provisions of the Tort Reform Act to the extent that others, including Plaintiff and non-parties, could have contributed to the Plaintiff's injuries or damages. Those parties may include the Tenant, Dana Knight and her boyfriend, Edward LaRock, Officer Linna Hart and/or Plaintiff. Discovery is continuing.

**EIGHTH AFFIRMATIVE DEFENSE**

Carter is entitled to a setoff or deduction for payments from any third persons, firms or corporations to the Plaintiff in settlement of any claims made by the Plaintiff as a result of the incident alleged in the Amended Complaint pursuant to Fla. Stat. §768.28.

**NINTH AFFIRMATIVE DEFENSE**

Carter's liability, if any must be determined pursuant to Fla. Stat. §768.28 and not under joint and several liability. Liability must be determined based on the percentage of fault of this Defendant, any other Defendant, the Plaintiff, all other parties, and the percentage of fault of non-parties. Persons or entities that may be included in an itemized verdict form are Plaintiff, Tenant, Dana Knight, and her boyfriend, Edward LaRock, and Officer Linna Hart. Others may become known during discovery.

**TENTH AFFIRMATIVE DEFENSE**

Carter is entitled to all other protections and limitations set forth in Fla. Stat. §768.28.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

## TWELFTH AFFIRMATIVE DEFENSE

There is no basis for an award of attorney's fees as demanded by the Plaintiff. Furthermore, any attorney's fees, if recoverable, are limited by the provisions of §768.28(8), Florida Statutes.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's vehicle was towed from public property and a public street (Depot Lane) incident to Plaintiff's arrest, and not from Plaintiff's residence. Plaintiff otherwise had no "privacy" rights protected by the Fourth Amendment; therefore, there was no "seizure" for Fourth Amendment purposes, and any alleged "seizure" was lawful.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by prevailing case law, including but not limited to *Wood v. Kesler See Olson v. Dier*, No. 6:10-cv-1771-0r1-28DAB, 2011 WL 4905640, at *2 (M.D. Fla. Oct. 13, 2011); *City of Orlando v. Kazarian*, 481 So.2d 506, 507 (Fla. 5th DCA 1985), 323 F.3d at 878 (11th Cir. 2003); *Lee v. Ferraro,* 284 F.3d 1188 at 1195 (11th Cir. 2002); *Dodson v. Solomon*, 134 Fla. 284 (1938);

*Willingham v. City of Orlando*, 929 So.2d 43 (5th DCA 2006); *Erp v. Carroll,* 438 So.2d 31 (Fla. 5th DCA 1983); *Tran v. Waste Mgmnt., Inc.,* 290 F. Supp. 2d 1286, 1294 (M.D. Fla. 2003); and *Cottom v. City of Wildwood,* 750 Fed. Appx. 791 (11th Cir. 2018).

## FIFTEENTH AFFIRMATIVE DEFENSE

There is no recognizable claim for "negligent investigation" in the State of Florida, which appears to be the type of claims Plaintiff is trying to plead against Sgt. Carter. Therefore, the claims should be dismissed with prejudice as a matter of law. Even if Plaintiff could prove Carter acted negligently, Carter is not a proper party defendant for a mere act of negligence, pursuant to Section 768.28(9), Florida Statutes.

## SIXTEENTH AFFIRMATIVE DEFENSE

The law pertaining to Faile's arrest pursuant to Section 800.03, Florida Statutes, and the law pertaining to seizure of his vehicle was not "clearly established" or otherwise failed to put Sgt. Carter on notice sufficient to defeat Carter's entitlement to qualified immunity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

There is no basis in fact for the claims alleged against Sgt. Carter. A reasonable person could have had arguable probable cause for the arrest of Plaintiff based upon the photographic and video images viewed, in conjunction with other

information possessed at the time of execution of the probable cause affidavit by Officer Hart. Plaintiff has no factual information to support that Carter acted with malice, in bad faith, or otherwise outside the scope of the immunity provided to him in Section 768.28, Florida Statutes. Any allegations to the contrary are frivolous in nature and unsupported by the material facts.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Carter reaffirms and reasserts, as affirmative defenses, any and all arguments asserted in his prior Motions to Dismiss and in the Appeal of the Denial of same in 11th Cir. Case number 23-11465-A).

## NINETEENTH AFFIRMATIVE DEFENSE

The Fourth Amendment is inapplicable to Plaintiff's claims, as Plaintiff had no right or expectation of privacy; therefore any §1983 claims also fail. Carter otherwise at all times acted in good faith, within the scope of his discretionary authority, and his conduct did not violate clearly established statutory or constitutional rights about which a reasonable law enforcement officer would have known.

## TWENTIENTH AFFIRMATIVE DEFENSE

There was no "seizure" for Fourth Amendment purposes.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's vehicle was properly towed from a public street, incident to arrest and was otherwise lawful.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's vehicle was abandoned and/or constituted a nuisance on a public street.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff had no expectation of privacy on the Tenant's residential property and/or the public street with egress and ingress to same; therefore, his Fourth Amendment Claims must fail.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Carter reserves the right to amend these Affirmative Defenses as Discovery is continuing.

Respectfully submitted by:

/s/ *Stephanie J. Brionez*
STEPHANIE J. BRIONEZ, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email transmission through the Florida Courts E-Filing Portal to: Laura K. Hargrove, Esq., LHargrove@ghlaw.com and to Michael J. Roper, mroper@roperpa.com this 25th day of July, 2024.

/s/ *Stephanie J. Brionez*
STEPHANIE J. BRIONEZ
Florida Bar No. 0638161
Brionez + Brionez, P.A.
P.O. Box 985
Tavares, FL 32778
352-432-4044 – office
352-609-2876 – fax
Primary Email: StephB@bblawfl.com
Secondary: WendyC@bblawfl.com
Attorney for Defendants, CITY OF LEESBURG AND ALLEN CARTER

18